UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| JAMES CARR, *Pro Se*, | ) | Case Nos.: | 1:05 CR 44 |
| | ) | | 1:07 CV 1085 |
| Petitioner | ) | | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. | |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent | ) | | |
| | ) | <u>ORDER</u> | |

This case is before the court on Petitioner James Carr's ("Carr") *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. ("Carr's Mot.," ECF No. 440.) For the reasons stated below, the court finds that Carr's claim of ineffective assistance of counsel based on his attorney's alleged failure to file an appeal is not well-taken. Accordingly, the court denies Carr's § 2255 Motion.

### I. FACTS AND PROCEDURAL HISTORY

Carr was indicted by a federal grand jury on February 2, 2005, on the following three counts: (1) conspiracy to distribute greater than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; (2) distribution of 1.38 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and (3) distribution of 5.37 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). (ECF No. 1.) A 32-count Superseding Indictment was filed on March 2, 2005, charging Carr with the same violations. (ECF No. 81.)

A jury trial commenced before the Honorable Solomon Oliver, Jr., on February 13, 2006. The jury returned a verdict of guilty against Carr on Counts 1, 2, and 3 on February 24, 2006. (ECF No. 335.) Carr was subsequently sentenced to 240 months custody and 10 years of supervised release on May 22, 2006. (ECF No. 410.) The court entered judgment against Carr on Counts 1, 2, and 3 on May 31, 2006.

Carr's appellate counsel, Jaime P. Serrat, filed a Notice of Appeal to the Sixth Circuit on June 6, 2006. (ECF No. 421.) Serrat filed Carr's direct appeal with the Sixth Circuit on February 20, 2007. (*United States v. James Carr,* Case No. 06-3780, United States Court of Appeals for the Sixth Circuit.) This appeal is pending.

Carr filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on April 9, 2007. In his motion, Carr claims that the ground for his motion is that his attorney failed to file an appeal.[1] (Carr's Mot. at 4.) Petitioner states that the following facts support his claim:

> I have attempted several times to contact the judge and clerk in this matter, with not so much as a reply, but a return to sender letter. I ask that the time limit be waved (sic) as far as my direct appeal is concerned, due to the lack of effective assistance by counsel and uncooperation of the courts.

(*Id.*) The court ordered the government on May 23, 2007, to respond to the Petitioner's Motion within 30 days of receipt of the Order. (ECF No. 441.) The government responded to Carr's Motion on June 13, 2007. (ECF No. 442.) In its response, the government asked the court to deny Carr's Motion because Carr's counsel filed a direct appeal, and Petitioner's Motion is therefore without factual support or merit. (*Id.*)

---

[1] Specifically, the ground for Carr's motion reads: "I have been trying to appeal from the day that I got sentenced. My attorney said he (attorney) was going to do it." (Carr's Mot. at 4.)

## II. STANDARD OF LAW

A criminal defendant must file a notice of appeal within ten days from the later of: "(i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). A district court may extend the deadline to file a notice of appeal up to thirty days "[u]pon a finding of excusable neglect or good cause." *Id.* at 4(b)(4).

Under the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984), a petitioner alleging ineffective assistance of counsel must demonstrate: (1) that the counsel's performance was deficient; and (2) that the deficient performance prejudiced the defendant. Where a petitioner alleges that his counsel was ineffective for failing to file a timely notice of appeal, the court undertakes a two-part inquiry. First, the court asks whether counsel consulted with his client about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). If the counsel did so consult, then counsel is deficient "only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* If the counsel did not consult with his client, then the court must ask whether such a failure itself constitutes deficient performance. *Id.* In *Roe*, the Supreme Court held that:

> counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480. Then, under *Strickland*, the petitioner must show that he was prejudiced by counsel's failure to timely appeal on the ground that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

## III. LAW AND ANALYSIS

As a preliminary matter, the court notes that it is unclear whether Carr is alleging that his attorney failed to file a timely notice of appeal, failed to file a direct appeal, or failed to do both. Accordingly, the court will address the filing of the notice of appeal and direct appeal in this case.

Here, a notice of appeal would be timely under the ten-day rule if it had been filed by June 10, 2006. Alternatively, a notice of appeal would be timely under the thirty-day extension for excusable neglect or good cause rule if it had been filed by June 30, 2006. The record clearly shows that Carr's appellate counsel filed a timely notice of appeal on June 6, 2006. (ECF No. 421.) Carr's appellate counsel subsequently filed a direct appeal with the Sixth Circuit on February 20, 2007, and this appeal is pending. Therefore, Carr has failed to demonstrate, as required by *Strickland*, that his counsel's performance was deficient in regard to his filing a timely notice of appeal or a direct appeal. Accordingly, the court finds that Carr's claim of ineffective assistance of counsel for failure to file an appeal is not well-taken.

### IV. CONCLUSION

For the above-stated reasons, the court denies Carr's § 2255 Motion. (ECF No. 440.) Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 25, 2007